/ Curia, per Wardlaw, J
—In every case for mischief done by an animal, where no evil design is imputed to the defendant, the cause of action is the defendant’s breach of social duty, in not effectually preventing a thing within his control from doing the harm complained of, when his previous information ought to have shown that the thing was likely to do 'such harm if not prevented. If the plaintiff’s only statement of the evil qualities of the dog known to the defendant, had been that in the first count, — that it was accustomed to bite mankind, — then the particularity of the averment would have required evidence of at least one biting of a human creature. But under the second count alleging a ferocious and mischievous disposition, whatever was calculated to establish the dangerous propensity of the animal, in sufficient degree tended to support the allegation, and was properly left to the jury. That a dog has once bitten a man, is a circumstance from which the probability of its biting another, may be inferred: but the same inference may be drawn with equal confidence from other indications of the dog’s disposition. Indeed, attempts before made by a dog that had never succeeded in actually biting, may give more full assurance of danger to be apprehended from it, than could exist as to another dog, that under some peculiar circumstances had used *198 jts teeth upon man. To require that a plaintiff, before he can have redess for being bitten, should show that some other ¡sufferer had previously endured harm from the same dog, would be always to leave the first wrong unredressed, and to lose sight of the thing to be proved, in attention to one-of the means of proof. If nothing short of a dog’s once having bitten, can show its dangerous nature, even the owner of a dog known to have been bit by a rabid animal may not be answerable, unless on some previous occasion the dog has inflicted the dreadful injury, which he was bound to have apprehended and prevented.
But if the evidence sustained the second count, the defendant says that count is insufficient. He has not demurred to it, but insists that there being one count good on its face, which is not sustained by evidence, a new trial should be granted, when the only count proved is such a one as standing alone would have been bad on general demurrer. The defect alleged is the want of any special averment of negligence — the count being in substance, that the defendant wrongfully and injuriously kept a dog which he knew to be of ferocious and mischievous disposition, and which bit the plaintiff. The argument is this : He who keeps a dog that he knows is accustomed to bite mankind, does so at his peril — for he ought to kill it: the keeping is the wrong, and when to that damage done to the plaintiff is added, an action lies without averment or proof of negligence, and notwithstanding any care taken by the defendant; — but a ferocious and mischievous disposition is uncertain, admitting of various degrees, — it cannot be said to be necessarily wrong to keep a dog of such a disposition, and therefore negligence in the keeping under the circumstances is a necessary ingredient in an action for damage done by such a dog. The answer is, /that what is said of a dog accustomed to bite mankind is (except the duty of killing assigned as a reason) true as to any animal, wild or tame, from which .the defendant ought, according to his previous knowledge, to have expected the mischief complained of: — every such animal the owner keeps at his risk, being, without regard to care or negligence, an insurer against all the harm that he might reasonably have expected to ensue.
No strength of bars nor extraordinary accident can be \ urged as an excuse for the mischief of a tiger or monkey :— but still from damage suffered from either, a plaintiff might deprive himself of a right to complain, if in disregard of warnings given to him, and without the knowledge of the keeper, he should remove sufficient barriers and expose himself to be torn
If the owner of a dog knew from sufficient indications, that it was likely, at all times and in all places, to bite strangers *199 that approached it, no care in closing gates, nor chain broken, is an answer to a plaintiff, who has been bitten when escaped. If it was only so ferocious as to bite those who hurt it, a plaintiff (whose own misconduct has not brought just punishment upon himself) may well complain that it was not prevented from lying where he incautiously trod upon its toes. But still a watch dog may be kept, and if it is safely confined, so that only wrongdoers may suffer from it, it is the more valuable if it is sure to punish their unlawful ingress, and a person whose trespass has encountered it, must endure the consequences.
If a dog is likely, as his owner knows, to bite either man or sheep only at particular seasons, or under particular circumstances, then, against those seasons or circumstances, and that kind of mischief to be apprehended in them, the owner insures at his peril. A plaintiff who has suffered such mis•chief, is, in cases that have been decided, advised to allege a general mischievous disposition, rather than a particular habit. Under such general allegation, his count is in effect, that the defendant wrongfully kept a dog which he knew to be likely lo do a certain harm, and that the dog had done harm to the plaintiff’. From such harm done by such dog, the inference of blameable negligence contained in the fact of keeping necessarily arises, and therefore in this count negligence is substantially averred. A count of this kind puts in issue the existence of a disposition in the dog, ferocious and mischievous to such a degree as was likely to produce the injury complained of — such knowledge of that disposition, on the part of the defendant, as ought to have induced his reasonable apprehension and effectual prevention of such an injury — the subsequent keeping of the dog, — and the injury consequent thereon. Care taken by the defendant, which has failed to prevent what thus he ought to have apprehended and prevented, whilst he kept the animal, could not be a defence in auy action of this kind ; — however plainly sufficient, it would be for the defendant to deny, and by evidence contradict, all previous indication or habit known to him, that could have reasonably induced his expectation, that tinder the circumstances that occurred, the harm complained of would have been done.
The count now objected to, is conformable to various cedents, and is certainly sufficient after verdict.
In the case before us, the attention of the jury was directed to the question of negligence, perhaps unnecessarily: — but negligence has been in fact expressly found. The dog may have been harmless in the defendant’s yard, but he knew that it had a habit of following and guarding a horse, and that .when thus employed, it was dangerous. He was bound then to insure against this habit, and when he suffered the *200 dog to mount guard at a meeting-house, where many persons uosuspicjous of danger may have been expected to pass, he surely was blameably negligent.
The mot¡on ¡s dismissed.
Evans, Frost and Withers, JJ., concurred.

Motion refused.